UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDER JAVIER MENDOZA-DAZA,

Petitioner,

v.

ORESTES CRUZ, et al.,

Respondents.

No.  1:26-cv-04878-DAD-JDP (HC)

ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 4)

On June 24, 2026, petitioner Alexander Javier Mendoza-Daza filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Therein, petitioner alleges that he entered the United States on or about November 17, 2023 without inspection and was subsequently taken into custody by the Department of Homeland Security ("DHS") before being released two days later.  (*Id.* at 2.)  Petitioner further alleges that on June 20, 2026, he appeared for a routine ICE check-in, and at the appointment ICE took him into custody without offering any explanation as to why he was being detained.  (*Id.*)  Petitioner seeks his release and the awarding of attorney's fees and costs.  (*Id.* at 11.)  On June 25, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 4.)  The same day, the court set a briefing schedule as to

1

petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On June 29, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order. (Doc. No. 6.) Therein, respondents argue that this case is factually distinguishable from the court's prior re-detention decisions because petitioner accrued sixteen consecutive reporting violations between April 4, 2024 and November 19, 2025. (Doc. Nos. 6 at 2; 6-1 at 3.) Respondents have stated no opposition to the court ruling on the pending *habeas* petition based upon the briefing currently before it and the court will do so.

The court adopts its reasoning set forth in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Respondents do not explain how petitioner's purported reporting violations, the last of which occurred seven months prior to petitioner's re-detention, compel a different result than that reached by the court in *Ayala Cajina*, where the petitioner even faced criminal charges from several months prior to re-detention by immigration authorities. *See id.* at *1; *see also Rodriguez Diaz v. Kaiser*, 2025 WL 3011852, at *11 (N.D. Cal. Sept. 16, 2025) ("If respondents wish to establish that re-detention is warranted by raising the effect of . . . [petitioner's] six alleged bond violations, a hearing before a neutral adjudicator provides a forum to do so."). Accordingly, the court finds that petitioner's prior release in this case gave him a liberty interest in his continued release and concludes, pursuant to the reasoning in *Ayala Cajina*, that petitioner's continued detention violates due process.

/////

2

For the reasons above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED in part as follows:

    a.    Respondents are ORDERED to immediately release petitioner, Alexander Javier Mendoza-Daza, A-File No. 245-401-047, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on or about June 20, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

    c.    Petitioner's request for attorney's fees and costs is DENIED without prejudice to bringing a properly noticed and supported motion;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 4) is hereby DENIED as having been rendered moot by this order granting his petition for habeas relief on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **June 30, 2026**    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3